UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:21-cv-1292-JAK (SK) | Date | August 16, 2021 |
|---|---|---|---|
| Title | German Zapata v. Brian Cates | | |

Present: The Honorable   Steve Kim, United States Magistrate Judge

| Connie Chung | n/a |
|---|---|
| Deputy Clerk | Court Smart / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant(s): |
|---|---|
| None present | None present |

**Proceedings:**   (IN CHAMBERS) **ORDER TO SHOW CAUSE**

In July 2021, Petitioner filed a petition under 28 U.S.C. § 2254 challenging his 2015 conviction and sentence for various child sex crimes. (ECF 1). On its face, the petition appears untimely. *See Trigueros v. Adams*, 658 F.3d 983, 987 (9th Cir. 2011) (federal courts may take judicial notice of public dockets for state court proceedings).

After Petitioner's unsuccessful appeal to the California Court of Appeal (Case No. G052391), the California Supreme Court denied review in June 2017 (Case No. S240917). (ECF 1 at 4). Because it does not appear Petitioner filed a petition for writ of certiorari in the United States Supreme Court, his conviction became final 90 days later in September 2017. *See* 28 U.S.C. § 2101; *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999). From then, without any statutory or equitable tolling, Petitioner had one year—until September 2018—to file a timely federal petition. *See* 28 U.S.C. § 2244(d)(1)(A). No statutory tolling appears available, however, because Petitioner evidently filed no state habeas petitions. *See* 28 U.S.C. § 2244(d)(2). Nor does there appear any basis for equitable tolling on the face of the petition. *See Holland v. Florida*, 560 U.S. 631, 645-46 (2010). It is Petitioner's burden to prove equitable tolling. *See Stancle v. Clay*, 692 F.3d 948, 953 (9th Cir. 2012).

For all these reasons, Petitioner is **ORDERED TO SHOW CAUSE** on or before **Wednesday, September 15, 2021** why the Court should not dismiss the petition as untimely. **If Petitioner files no timely response to this order, this action may be involuntarily dismissed for failure to prosecute.** *See* Fed. R. Civ. P. 41(b); L.R. 41-1. If Petitioner no longer wishes to pursue this action, he may voluntarily dismiss the action under Federal Rule of Civil Procedure 41(a) by filing a Voluntary Notice of Dismissal on the attached Form CV-09.